UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
JONATHAN TURNBULL-REILLY,       :
                                    :
        Plaintiff,          :
                                    :
      v.                   :  Civil Action No. 6:26-cv-06512-EAW
                                    :
HUBSPOT, INC. and VARUN KHANNA,  :
                                    :
        Defendants.      :
------------------------------------------------------- x

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants HubSpot, Inc. ("HubSpot") and Varun Khanna ("Khanna") (collectively, "Defendants"), by and through their attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby respond to the allegations of Plaintiff Jonathan Turnbull-Reilly ("Plaintiff") in the Amended Complaint as follows:

### As to "PRELIMINARY STATEMENT"

1. Paragraph 1 of the Amended Complaint states introductory material for which no response is required, but to the extent a response is required, Defendants deny the allegations. Defendants aver that all employment actions taken with respect to Plaintiff were based on legitimate, non-discriminatory, non-retaliatory business reasons, specifically Plaintiff's documented failure to meet the performance expectations of his Engineering Lead role, including the requirement to make regular technical code contributions in addition to management duties.

2. Paragraph 2 of the Amended Complaint states introductory material for which no response is required, but to the extent a response is required, Defendants deny the allegations. Defendants aver that HubSpot maintains robust anti-discrimination, anti-harassment, and anti-

retaliation policies, and that Defendants at all times acted in accordance with those policies in its interactions with Plaintiff.

**As to "JURISDICTION AND VENUE"**

3.    Paragraph 3 of the Amended Complaint states a legal conclusion for which no response is required, but to the extent a response is required, Defendants admit the Court has subject matter jurisdiction over Plaintiff's federal claims.

4.    Paragraph 4 of the Amended Complaint states a legal conclusion for which no response is required, but to the extent a response is required, Defendants admit the Court has supplemental jurisdiction over Plaintiff's state-law claims.

5.    Paragraph 5 of the Amended Complaint states a legal conclusion for which no response is required, but to the extent a response is required, Defendants admit venue is proper in this District and deny the remaining allegations.

6.    Paragraph 6 of the Amended Complaint states a legal conclusion for which no response is required, but to the extent a response is required, Defendants admit venue is proper in this District and deny the remaining allegations.

7.    Defendants deny the allegations set forth in paragraph 7 of the Amended Complaint, except admit that Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on or about July 7, 2025 (Charge No. 525-2025-02445), and Plaintiff received a Right-to-Sue letter that was backdated to September 24, 2025.

8.    Paragraph 8 of the Amended Complaint states a legal conclusion for which no response is required, but to the extent a response is required, Defendants admit Plaintiff seeks to proceed as stated.

### As to "THE PARTIES"

### As to "Plaintiff"

9.      Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint, except admit that Plaintiff began working for HubSpot as an Engineering Lead on June 17, 2024. Defendants aver that the Engineering Lead role, as described in the job posting and as communicated to Plaintiff, required both management and leadership responsibilities and regular technical code contributions, including building software and shipping code.

### As to "Defendant HubSpot, Inc."

10.      Defendants deny the allegations set forth in paragraph 10 of the Amended Complaint, except admit that HubSpot is a Delaware corporation and is publicly traded on the New York Stock Exchange under the ticker symbol "HUBS," and that HubSpot maintains offices at multiple locations.

### As to "Defendant Varun Khanna"

11.      Defendants deny the allegations set forth in paragraph 11 of the Amended Complaint, except admit that Khanna is employed by HubSpot and was Plaintiff's supervisor.

### As to "FACTUAL ALLEGATIONS"

### As to "A. Hiring and Pre-Employment Disclosures"

12.      Defendants deny the allegations set forth in paragraph 12 of the Amended Complaint and refer to Plaintiff's written offer of employment from HubSpot for its complete and accurate contents. Defendants aver that Plaintiff accepted an offer of employment as an Engineering Lead on or about May 15, 2024, with a start date of June 17, 2024, and that the Engineering Lead position required Plaintiff to build software, mentor and lead a small team of engineers, craft and implement

product vision, and make regular technical contributions, including shipping code through Pull Requests.

13. Defendants admit the allegations set forth in paragraph 13 of the Amended Complaint. Defendants aver that their hiring decision was based solely on Plaintiff's qualifications for the Engineering Lead role.

14. Defendants deny the allegations set forth in paragraph 14 of the Amended Complaint, except admit that, on or about May 24, 2024, Plaintiff disclosed to Khanna that Plaintiff's wife was expecting a child and that Plaintiff anticipated a need for parental leave. Defendants aver that Khanna responded supportively to Plaintiff's disclosure and that Defendants at no time took any adverse action based on Plaintiff's anticipated or actual parental leave or based on any protected status.

15. Defendants deny the allegations set forth in paragraph 15 of the Amended Complaint, except admit that discussions occurred regarding team leadership responsibilities. Defendants aver that any discussions regarding Plaintiff's scope of responsibility were consistent with the Engineering Lead job description, which always contemplated both management and technical contributions.

**As to "B. <u>The Written Management-Focus Agreement</u>"**

16. Defendants deny the allegations set forth in paragraph 16 of the Amended Complaint, except admit that Plaintiff's employment with HubSpot began on June 17, 2024, and that Plaintiff participated in general orientation and team rotations during his onboarding period.

17. Defendants deny the allegations set forth in paragraph 17 of the Amended Complaint, except admit that, on or about August 5, 2024, Plaintiff and Khanna met to discuss Plaintiff's role expectations. Defendants aver that any discussion of role expectations was

4

consistent with the requirements of the Engineering Lead position to contribute to both management and technical code-contribution requirements.

18.    Defendants deny the allegations set forth in paragraph 18 of the Amended Complaint, except admit that Khanna sent Plaintiff a Slack message on or about September 9, 2024, and refer to the written message for its complete and accurate contents. Defendants aver that the Slack message did not constitute an agreement to relieve Plaintiff of his obligation to make regular technical code contributions as required by his Engineering Lead role, and that the written job description makes clear that Engineering Leads "remain equally responsible for contributing code."

19.    Defendants deny the allegations set forth in paragraph 19 of the Amended Complaint. Defendants aver that no "binding agreement" was made to excuse Plaintiff from the technical code-contribution requirements inherent in the Engineering Lead role, and that the Engineering Lead role at all times required a mix of hands-on technical work and leadership, as reflected in the job description and as communicated to Plaintiff during his performance review.

**As to "C. <u>Parental Leave</u>"**

20.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Amended Complaint to the extent they characterize Plaintiff's personal circumstances, except admit that Plaintiff took leave under HubSpot's parental leave policy from approximately November 28, 2024 to February 5, 2025. Defendants aver that Plaintiff was not eligible for leave under the Family and Medical Leave Act because he had not yet completed twelve months of employment with HubSpot, and that HubSpot provided parental leave benefits to Plaintiff consistent with its company policy.

21.    Defendants deny the allegations set forth in paragraph 21 of the Amended Complaint, except admit that, on or about January 29, 2025, Plaintiff and Khanna met in connection

with Plaintiff's return from parental leave. Defendants aver that the meeting was a routine check-in, and that Khanna welcomed Plaintiff back in a supportive manner.

22.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint and therefore deny such allegations.

**As to "D. <u>Return from Leave and the Inflection Point</u>"**

23.    Defendants admit the allegation set forth in Paragraph 23 of the Amended Complaint.

24.    Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint. Defendants aver that, upon Plaintiff's return from parental leave, his performance was evaluated based on the time he had spent with the team from June to November 2024, which excluded the leave period, and that any feedback provided was constructive and consistent with the expectations of the Engineering Lead role.

25.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Amended Complaint and therefore deny such allegations.

26.    Defendants deny the allegations set forth in paragraph 26 of the Amended Complaint, except admit that, on or about February 25, 2025, Plaintiff received his six-month performance review and refer to such written review for its complete and accurate contents. Defendants aver that the review was "generally satisfactory" but included coaching feedback directing Plaintiff to increase his coding contributions and find a "healthy mix of hands-on work and leading," consistent with the dual requirements of his Engineering Lead role.

27.    Defendants deny the allegations set forth in paragraph 27 of the Amended Complaint. Defendants aver that any performance feedback provided to Plaintiff was legitimate, job-related, and consistent with the expectations applicable to all Engineering Leads, regardless of parental leave status, sex/gender, or other protected status.

28.    Defendants deny the allegations set forth in paragraph 28 of the Amended Complaint. Defendants aver that the feedback Plaintiff received regarding code contributions was tied to his job responsibilities as an Engineering Lead, which always required regular technical contributions in addition to team management.

**As to "E. <u>First HR Complaint</u>"**

29.    Defendants deny the allegations set forth in paragraph 29 of the Amended Complaint, except admit that Plaintiff submitted an email to HubSpot's Human Resources ("HR") department on or about March 20, 2025, and refer to the email for its complete and accurate contents. Defendants aver that Plaintiff's March 20, 2025 communication expressed concerns primarily about his job security and work pressure, and that Plaintiff did not raise concerns that he was being treated differently following his return from parental leave or on the basis of his sex/gender or other protected status.

30.    Defendants deny the allegations set forth in paragraph 30 of the Amended Complaint. Defendants aver that, upon receiving Plaintiff's March 20, 2025 communication, HR promptly notified HubSpot's Employee Relations ("ER") department; that an ER Partner met with Plaintiff to discuss his concerns; that Plaintiff informed the ER Partner that Plaintiff did not want to escalate his concerns and did not want an investigation into the matter; that Plaintiff instead sought guidance about how to move forward; and that HubSpot's HR and ER teams treated Plaintiff's communication and concerns with appropriate care and confidentiality.

31.    Defendants deny the allegations set forth in paragraph 31 of the Amended Complaint. Defendants aver that Khanna was not made aware of, and in fact was not aware of, Plaintiff's email to HR or conversation with ER at any time prior to the Performance Improvement Plan ("PIP") being issued on April 18, 2025.

32.    Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint and therefore deny such allegations.

33.    Defendants deny the allegations set forth in paragraph 33 of the Amended Complaint. Defendants aver that there is no causal connection between Plaintiff's March 20, 2025 communication and any subsequent employment action, including but not limited to because Khanna, the decision-maker regarding Plaintiff's performance management, was not aware of Plaintiff's HR communication or the ER conversation at the time performance management decisions were made.

**As to "F. <u>PIP Placement</u>"**

34.    Defendants deny the allegations set forth in paragraph 34 of the Amended Complaint, except admit that Plaintiff was placed on a PIP on April 18, 2025, and refer to the written PIP documentation for its complete and accurate contents. Defendants aver that the PIP was issued because Plaintiff continued to struggle with balancing his leadership responsibilities and providing technical coding contributions despite previously receiving explicit feedback about this area for improvement; and that Plaintiff specifically failed to ship any Pull Requests and made minimal output contributions in March 2025.

35.    Defendants deny the allegations set forth in paragraph 35 of the Amended Complaint. Defendants aver that the PIP addressed legitimate, documented performance

deficiencies that predated any alleged protected activity by Plaintiff, and that the PIP's requirements were consistent with the expectations applicable to Plaintiff's Engineering Lead position.

36. Defendants deny the allegations set forth in paragraph 36 of the Amended Complaint and refer to the April 18, 2025 email and PIP documentation for their complete and accurate contents. Defendants aver that the PIP requirements reflected the same performance expectations that had been communicated to Plaintiff in his February 2025 performance review and were inherent in Plaintiff's Engineering Lead job responsibilities.

37. Defendants deny the allegations set forth in paragraph 37 of the Amended Complaint. Defendants aver that Khanna had no knowledge of Plaintiff's March 20, 2025 communication to HR or the ER discussion when the decision was made to place Plaintiff on a PIP, and that the PIP was based solely on Plaintiff's documented performance deficiencies, including his failure to make adequate code contributions.

38. Defendants deny the allegations set forth in paragraph 38 of the Amended Complaint. Defendants aver that the timing of the PIP was caused by Plaintiff's continued failure to meet performance expectations following the coaching feedback in his February 2025 review, not by any protected activity.

39. Defendants deny the allegations set forth in paragraph 39 of the Amended Complaint. Defendants aver that the PIP was a legitimate performance management tool applied consistently with HubSpot's practices and was not motivated by discriminatory or retaliatory animus.

**As to "G. <u>The Data Privacy Violation</u>"**

40. Defendants deny the allegations set forth in paragraph 40 of the Amended Complaint. Defendants aver that HubSpot maintains robust data-privacy and compliance programs

and that any reported data-privacy issues are handled through appropriate internal channels consistent with applicable law and company policy.

41.     Defendants deny the allegations set forth in paragraph 41 of the Amended Complaint. Defendants aver that HubSpot's data-privacy compliance program includes established processes for identifying, reporting, and remediating any potential issues, and that any issues identified were addressed in accordance with those processes.

42.     Defendants deny the allegations set forth in paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations set forth in paragraph 43 of the Amended Complaint.

44.     Paragraph 44 of the Amended Complaint states a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations.

45.     Paragraph 45 of the Amended Complaint states a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations.

**As to "H. <u>Whistleblower Reports and Escalating Retaliation</u>"**

46.     Defendants deny the allegations set forth in paragraph 46 of the Amended Complaint, except admit that, on May 16, 2025, Plaintiff submitted a complaint via HubSpot's compliance hotline, and a formal written protest of his PIP, and refer to the contents of those documents for their complete and accurate contents. Defendants deny any characterization of those filings that is inconsistent with the documents themselves. Defendants aver that, upon receipt of Plaintiff's complaint, HubSpot promptly transferred the matters to ER for investigation in accordance with its policies.

47. Defendants deny having any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Amended Complaint and therefore deny such allegations.

48. Defendants deny the allegations set forth in paragraph 48 of the Amended Complaint, except admit that Plaintiff's PIP was extended to June 2, 2025. Defendants aver that, at the May 16, 2025 PIP review, Khanna acknowledged that Plaintiff's performance had improved but noted the need for increased code contributions each week and sustained higher output levels; and that the PIP was extended to provide Plaintiff an additional opportunity to demonstrate sustained improvement, which reflected Defendants' good-faith effort to support Plaintiff's success rather than any retaliatory intent.

49. Defendants deny the allegations set forth in paragraph 49 of the Amended Complaint. Defendants aver that Craig Belinfanti did not describe the PIP extension as "highly non-standard," and that PIP extensions are a standard business practice.

50. Defendants deny the allegations set forth in paragraph 50 of the Amended Complaint, except admit that, on or about May 22, 2025, Plaintiff met with an ER Partner. Defendants aver that HubSpot's ER function handled Plaintiff's complaints with appropriate care and investigated them in accordance with company policy.

51. Defendants deny the allegations set forth in paragraph 51 of the Amended Complaint, except admit that, on May 28, 2025, Plaintiff identified himself to the ER Partner that he had submitted an anonymous complaint about a data privacy issue.

52. Defendants deny the allegations set forth in paragraph 52 of the Amended Complaint, except admit that, on May 29, 2025, Plaintiff was interviewed by a member of HubSpot's legal department as part of the investigation into his whistleblower complaint, and that

11

documentation was requested and provided. Defendants aver that the documentation was reviewed, and that HubSpot's legal department determined that no further action or customer communications were required.

53.     Defendants admit the allegations set forth in paragraph 53 of the Amended Complaint. Defendants aver that Plaintiff self-identified to compliance on or about May 28, 2025, and that this disclosure was handled confidentially through appropriate internal channels.

**As to "I. Coordinated Investigation Closures and Termination"**

54.     Defendants deny the allegations set forth in paragraph 54 of the Amended Complaint. Defendants aver that ER conducted a thorough and independent investigation of Plaintiff's complaints and found them unsubstantiated; that, as part of the investigation process, ER gathered feedback regarding Khanna and reviewed available evidence regarding Plaintiff's claims; and that ER concluded that all performance management Plaintiff received was consistent with the expectations of an Engineering Lead.

55.     Defendants deny the allegation set forth in paragraph 55 of the Amended Complaint, except admit that both investigations into Plaintiff's complaints were closed on June 3, 2025. Defendants aver that the investigations were conducted independently, that Plaintiff's purported parental leave complaint was investigated by the ER team, and that Plaintiff's purported whistleblower complaint was investigated by HubSpot's legal department.

56.     Defendants deny the allegations set forth in paragraph 56 of the Amended Complaint. Defendants aver that Plaintiff's employment was terminated on June 6, 2025 for failure to improve his performance despite being given multiple extensions and opportunities; that Plaintiff failed to finish working on several "plays," and there were documented issues with "almost every single one" of his deliverables; that feedback from the Director of Product Management noted that

Plaintiff lacked the organizational skills to "know his team's roadmap a few weeks from today;" that the termination decision was supported by documented feedback from multiple sources, not solely from Khanna; and that Khanna had no knowledge of Plaintiff's prior complaints at the time the termination decision was made.

**As to "J. <u>The Four-Instance Pattern of Retaliatory Escalation</u>"**

57.     Defendants deny the allegations set forth in paragraph 57 of the Amended Complaint. Defendants aver that there was no "pattern of retaliatory escalation," and that all employment actions taken with respect to Plaintiff were independently justified due to Plaintiff's ongoing and documented performance deficiencies.

58.     Defendants deny the allegations set forth in paragraph 58 of the Amended Complaint. Defendants aver that the February 2025 performance review was a routine six-month review that was "generally satisfactory" and provided constructive coaching feedback.

59.     Defendants deny the allegations set forth in paragraph 59 of the Amended Complaint. Defendants aver that Khanna was not aware of Plaintiff's March 20, 2025 HR communication or the ER communication when the PIP was issued on April 18, 2025, and therefore the PIP could not have been retaliatory.

60.     Defendants deny the allegations set forth in paragraph 60 of the Amended Complaint. Defendants aver that the PIP extension on May 16, 2025 was designed to give Plaintiff additional time to demonstrate sustained performance improvement, reflecting HubSpot's good faith rather than any punitive or retaliatory intent.

61.     Defendants deny the allegations set forth in paragraph 61 of the Amended Complaint. Defendants aver that the termination was based on Plaintiff's failure to sustain adequate performance during the extended PIP period.

62.     Defendants deny the allegations set forth in paragraph 62 of the Amended Complaint. Defendants aver that all employment actions were based on legitimate, non-discriminatory, and non-retaliatory reasons.

## As to "CAUSES OF ACTION"

### As to "COUNT I:
### Title VII of the Civil Rights Act of 1964:  Sex Discrimination (Gender Stereotyping) Against Defendant HubSpot, Inc."

63.     Defendants repeat and reallege their responses to paragraphs 1 to 62 of the Amended Complaint as if set forth fully herein.

64.     Paragraph 64 states a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations and refer to Title VII of the Civil Rights Act of 1964 for its complete and accurate contents.

65.     Defendants deny the allegations set forth in paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations set forth in paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations set forth in paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations set forth in paragraph 68 of the Amended Complaint.

69.     Defendants deny the allegations set forth in paragraph 69 of the Amended Complaint.

70.     Defendants deny the allegations set forth in paragraph 70 of the Amended Complaint and deny that Plaintiff is entitled to any relief.

### As to "COUNT II:
### Title VII of the Civil Rights Act of 1964: Retaliation
### Against Defendant HubSpot, Inc."

71. Defendants repeat and reallege their responses to paragraphs 1 to 70 of the Amended Complaint as if set forth fully herein.

72. Paragraph 72 states a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations and refer to Title VII of the Civil Rights Act of 1964 for its complete and accurate contents.

73. Defendants deny the allegations set forth in paragraph 73 of the Amended Complaint.

74. Defendants deny the allegations set forth in paragraph 74 of the Amended Complaint.

75. Defendants deny the allegations set forth in paragraph 75 of the Amended Complaint.

76. Defendants deny the allegations set forth in paragraph 76 of the Amended Complaint.

77. Defendants deny the allegations set forth in paragraph 77 of the Amended Complaint.

78. Defendants deny the allegations set forth in paragraph 78 of the Amended Complaint and deny that Plaintiff is entitled to any relief.

### As to "COUNT III:
### New York State Human Rights Law: Sex Discrimination
### Against HubSpot, Inc. and Varun Khanna"

79. Defendants repeat and reallege their responses to paragraphs 1 to 78 of the Amended Complaint as if set forth fully herein.

80. Paragraph 80 states a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations and refer to the New York State Human Rights Law for its complete and accurate contents.

81. Paragraph 81 states a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations and refer to the New York State Human Rights Law for its complete and accurate contents.

82. Defendants deny the allegations set forth in paragraph 82 of the Amended Complaint.

83. Defendants deny the allegations set forth in paragraph 83 of the Amended Complaint.

84. Defendants deny the allegations set forth in paragraph 84 of the Amended Complaint and deny that Plaintiff is entitled to any relief.

**As to "COUNT IV:
New York State Human Rights Law: Familial Status Discrimination
Against HubSpot, Inc. and Varun Khanna"**

85. Defendants repeat and reallege their responses to paragraphs 1 to 84 of the Amended Complaint as if set forth fully herein.

86. Paragraph 86 states a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations and refer to the New York State Human Rights Law for its complete and accurate contents.

87. Defendants deny the allegations set forth in paragraph 87 of the Amended Complaint.

88. Defendants deny the allegations set forth in paragraph 88 of the Amended Complaint.

89. Defendants deny the allegations set forth in paragraph 89 of the Amended Complaint and deny that Plaintiff is entitled to any relief.

**As to "COUNT V:**
**New York State Human Rights Law: Retaliation**
**Against HubSpot, Inc. and Varun Khanna"**

90. Defendants repeat and reallege their responses to paragraphs 1 to 89 of the Amended Complaint as if set forth fully herein.

91. Paragraph 91 states a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations and refer to the New York State Human Rights Law for its complete and accurate contents.

92. Defendants deny the allegations set forth in paragraph 92 of the Amended Complaint.

93. Defendants deny the allegations set forth in paragraph 93 of the Amended Complaint.

94. Defendants deny the allegations set forth in paragraph 94 of the Amended Complaint.

95. Defendants deny the allegations set forth in paragraph 95 of the Amended Complaint and deny that Plaintiff is entitled to any relief.

**As to "COUNT VI:**
**New York Labor Law § 740: Whistleblower Retaliation**
**Against Defendant HubSpot, Inc."**

96. Defendants repeat and reallege their responses to paragraphs 1 to 95 of the Amended Complaint as if set forth fully herein.

17

97.     Paragraph 97 states a legal conclusion for which no response is required, but to the extent a response is required, Defendants deny the allegations and refer to New York Labor Law § 740 for its true and accurate contents.

98.     Defendants deny the allegations set forth in paragraph 98 of the Amended Complaint.

99.     Defendants deny the allegations set forth in paragraph 99 of the Amended Complaint.

100.    Defendants deny the allegations set forth in paragraph 100 of the Amended Complaint.

101.    Defendants deny the allegations set forth in paragraph 101 of the Amended Complaint.

102.    Defendants deny the allegations set forth in paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations set forth in paragraph 103 of the Amended Complaint.

104.    Defendants deny the allegations set forth in paragraph 104 of the Amended Complaint.

105.    Defendants deny the allegations set forth in paragraph 105 of the Amended Complaint and deny that Plaintiff is entitled to any relief.

### As to "PRAYER FOR RELIEF"

Defendants deny that Plaintiff is entitled to judgment against it and further deny that Plaintiff is entitled to any of the relief set forth in clauses (a) through (k) of the PRAYER FOR

18

RELIEF. Defendants aver that Plaintiff's claims are entirely without merit and that Defendants are entitled to judgment in their favor on all counts.

## As to "DEMAND FOR JURY TRIAL"

The Jury Demand paragraph requires no response from Defendants.

## GENERAL DENIAL

Defendants deny each and every allegation in the Amended Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, Defendants assert the defenses stated below and expressly reserve and do not waive their right to assert any and all additional defenses at any time and to such extent as discovery and factual developments establish a basis therefor.

## AS AND FOR A FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to the Defendants' good faith efforts to comply with all applicable federal and state anti-discrimination laws.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

At all times, Defendants' employment decisions concerning Plaintiff were based upon legitimate, non-discriminatory reasons that were not pretextual or retaliatory and without malice, ill-will or other improper motive.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any actions taken by Defendants with respect to the terms, conditions, or privileges of Plaintiff's employment would have occurred regardless of Plaintiff's sex or purported engagement in protected activity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent those claims exceed the scope of, or are inconsistent with, the Charge of Discrimination filed with the EEOC.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and/or unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any damages or other relief because at no time did Defendants engage in unlawful discriminatory or retaliatory conduct.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Any damages allegedly incurred by Plaintiff were not caused by Defendants.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from recovering any damages, or any recovery of damages must be reduced, excused, and/or discharged, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate Plaintiff's alleged damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory damages are barred to the extent he is unable to establish harm caused by Defendants' alleged conduct.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering punitive damages because Defendants made a good faith effort to comply with all applicable statutes and laws.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims—including any claims for physical, mental, or emotional injuries allegedly sustained by Plaintiff in connection with his employment—are barred, in whole or in part, by the New York Workers' Compensation Law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Defendant did not engage in "retaliatory action" as defined in New York Labor Law § 740(1)(e) and/or Plaintiff did not engage in any protected activity as described in New York Labor Law § 740(2).

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for emotional distress damages is barred because New York Labor Law § 740(5) does not authorize such relief.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not make a disclosure to a public body or supervisor as required under New York Labor Law § 740(2).

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges disclosure to a public body, Plaintiff did not notify Defendants of any such disclosure, and/or Plaintiff failed to comply with his pre-disclosure obligations under New York Labor Law § 740(3).

21

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Without conceding Plaintiff suffered any damages because of Defendants' wrongdoing, to the extent Plaintiff is entitled to damages, those damages must be reduced to the extent he has failed to mitigate some or all of his damages.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

HubSpot exercised reasonable care to prevent and promptly correct any purported unlawful behavior.

### RESERVATION OF RIGHTS

Defendants reserve their right to amend their Answer and add additional affirmative defenses or counterclaims that may become known during litigation.

**WHEREFORE**, Defendants demand judgment dismissing the Amended Complaint in its entirety, granting reasonable costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

DATED:   Buffalo, New York
         August 3, 2026

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*/s/ Aaron Warshaw*
Aaron Warshaw
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Phone: (212) 492-2500
E-Mail: aaron.warshaw@ogletree.com

Yomaris Sanchez-Orona
Seneca One Tower
1 Seneca Street, Suite 1075
Buffalo NY 14203
Phone: (716) 815-4860
E-Mail: yomaris.sanchez-orona@ogletree.com

*Attorneys for Defendants*

## <u>AFFIRMATION OF SERVICE</u>

I, Yomaris Sanchez-Orona, hereby certify that on August 3, 2026, I filed Defendants'

Answer to Plaintiff's Amended Complaint with the Court's Electronic Case Filing system, which

sent notification of such filing to the following counsel of record for Plaintiff:

Geoffrey Kalender
**Geoffrey Kalender, PC**
447 Broadway, 2nd Floor
New York, NY 10013
gk@employmentlawgk.com

*Attorney for Plaintiff*

*/s/ Yomaris Sanchez-Orona*
Yomaris Sanchez-Orona

24