**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**JONATHAN TURNBULL-REILLY,**

Plaintiff,

v.

**HUBSPOT, INC. and VARUN KHANNA,**

Defendants.

**SCHEDULING ORDER**

26-CV-6512-EAW-MJP

**PURSUANT TO** the order of the Hon. Elizabeth A Wolford referring the above case to the undersigned for pretrial matters and the entry of a scheduling order under Fed. R. Civ. P. 16(b) and W.D.N.Y. Loc. R. Civ. P. 16, and the parties having submitted a joint discovery plan, (ECF No. 12), and the undersigned having held a conference with the parties on September 9, 2026, pursuant to Fed. R. Civ. P. 16, the Court

**ORDERS** that

1. **Mediation.** This case has been referred automatically to the Court's Alternative Dispute Resolution ("ADR") program. The ADR Plan and related forms and information are available at www.nywd.uscourts.gov and the Court Clerk's office.

   a. No later than **October 7, 2026**, the parties shall confer and select a mediator, confirm the mediator's availability, ensure that the mediator does not have a conflict with any of the parties in this case, identify a date and time for the initial mediation session,

and file a stipulation confirming their selection on the form provided by the Court. If the parties fail to so stipulate, the Court shall appoint an ADR neutral.

b. The parties shall file any motions to opt out of the ADR process by **September 23, 2026**.

c. An initial mediation session with the parties' agreed-upon mediator shall be held no later than **December 2, 2026**.

d. Unless otherwise ordered, the referral of this case to mediation will not delay or defer other dates contained in this scheduling order and has no effect on the progress of the case towards trial.

2. **Mandatory disclosures.** The deadline for the parties' compliance with the mandatory initial disclosure requirements of Fed. R. Civ. P. 26 shall be **September 23, 2026**.

3. **Motions to amend.** The parties shall file any motions to amend the pleadings or to add or join any parties no later than **December 9, 2026**.

4. **Close of fact discovery.** The parties shall complete all fact discovery by **April 14, 2027**.

5. **Experts.** The parties will inform the Court as to whether any party intends to utilize experts no later than **April 14, 2027**.

6. **Motions to compel.** The parties shall file any motions to compel discovery no later than **May 14, 2027**.

7. **Dispositive motions.** Dispositive motions, if any, shall be filed no later than **June 30, 2027**.

8. **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

9. **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

a. When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly exceptional circumstances, any motion for an extension shall be made at least **one week** before the deadline to be extended.

b. **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the

diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

c. **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

10. **Warning.** The undersigned may, on motion or *sua sponte*, impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**SO ORDERED.**

Dated: September 10, 2026
Rochester, NY

MARK W. PEDERSEN
United States Magistrate Judge