**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys at Law*
1 Seneca Street
10th Floor, Suite 1075
Buffalo, NY 14203
Telephone: 716-831-2733
Facsimile: 716-719-2116
www.ogletree.com

Aaron Warshaw
(212) 492-2083
aaron.warshaw@ogletree.com

Yomaris Sanchez-Orona
(716) 815-4860
yomaris.sanchez-orona@ogletree.com

October 29, 2026

**Via ECF**
Hon. Mark W. Pedersen
U.S. District Court for the Western District of New York
100 State Street
Rochester, New York 14614

**RE: Jonathan Turnbull-Reilly v. HubSpot, Inc. and Varun Khanna**
**Case No. 26-cv-06512-EAW-MJP**

Dear Magistrate Judge Pedersen:

This firm represents Defendants HubSpot, Inc. ("HubSpot") and Varun Khanna (together, "Defendants") in the above-referenced action. We write in response to Plaintiff's October 27, 2026 letter (ECF No. 15) and to provide a status update ahead of the Court's discovery conference scheduled for November 2, 2026. Defendants emphasize that they remain committed to mediating this case on November 30, 2026, as the parties agreed, and they are not withholding documents to gain an advantage. Defendants regret that a dispute over an informal, pre-discovery exchange has reached the Court, but the record does not support Plaintiff's account of it.

**First, Defendants have honored the parties' agreement to a limited, informal exchange of documents.** Defendants do not dispute that, at the August 17, 2026 Fed. R. Civ. P. 26(f) conference, the parties agreed to exchange limited, informal discovery so that both sides could engage meaningfully at mediation. Plaintiff's counsel described the agreement the same way, writing in late September that "we'd agreed to exchange a limited set of documents pre-discovery for the purposes of mediation." (Ex. A.) That understanding was never an agreement to conduct an exhaustive search of HubSpot's systems before formal discovery began. Nor does the Joint Proposed Discovery Plan say otherwise. It addresses only the timing of the "preliminary discovery necessary for a settlement conference or mediation" and is silent on its scope. (ECF No. 12 ¶ 9(a).) Consistent with the parties' agreement, Defendants produced with their September 23, 2026 Initial Disclosures the relevant HubSpot policies, Plaintiff's onboarding documents, his job description, his performance review, and documents regarding his internal complaints.

Plaintiff's demands have since grown well beyond that limited exchange. His October 13, 2026 letter identified four categories of documents. (Ex. B.) Eight days later, his October 21, 2026 email expanded the list to ten categories, including "[t]he HRIS record itself, produced as an export with file metadata intact per Rule 34(b)(1)(C)," "Mr. Khanna's notes and communications concerning him, Slack and text messages included," and "[a]ll performance evaluations, together with calibration or ratings materials and the notes behind them." (Ex. C.) Those are formal Rule 34 requests, not the informal exchange the parties contemplated. Indeed, Plaintiff served formal document requests seeking the same information on October 7, 2026. Nevertheless, in a good-faith effort to resolve the dispute, Defendants made a supplemental production on October 21, 2026, and confirmed that HubSpot "will produce any relevant documents in accordance with our discovery obligations and on a rolling basis." (ECF No. 15 at 2.) Plaintiff still maintains that the production is insufficient and has repeatedly conditioned his participation in mediation on Defendants meeting each new request. Respectfully, Plaintiff should not be permitted to keep moving the goalposts and then fault Defendants for failing to reach them.

**Second, Plaintiff's request for relief regarding Defendants' informal disclosures is premature.** Plaintiff identifies October 30, 2026 as the pre-mediation exchange deadline. Mediation is scheduled for November 30, 2026, and mediation statements are not due until November 23, 2026. (ECF No. 15 at 2.) Defendants' responses to Plaintiff's formal document requests are due November 6, 2026, and those requests seek the same personnel-file and performance information Plaintiff demands now. Even if Defendants' remaining production arrives with those responses, one week after Plaintiff's stated cutoff, Plaintiff will have it more than two weeks before mediation statements are due and more than three weeks before the session. Plaintiff identifies no prejudice from that timing, and there is no basis to compel responses to discovery requests that are not yet due.

**Third, Plaintiff has not fully held up his end of the exchange.** Plaintiff's only production of mitigation information is a single spreadsheet, produced on September 25, 2026. In many entries, it does not identify the position Plaintiff applied for or the outcome of the application, which leaves Defendants unable to assess his mitigation efforts. Defendants have repeatedly asked Plaintiff to cure this deficiency. He has not done so, although his October 13 letter states that he will supplement the log through October 31, 2026. (Ex. B.) Defendants raise this point not to escalate the dispute, but because the exchange was meant to be reciprocal, and Plaintiff's demand for completeness from Defendants is difficult to reconcile with his own production.

**Finally, the record does not support Plaintiff's suggestion that Defendants have impeded mediation.** On September 29, 2026, Defendants reminded Plaintiff of the October 7 deadline to file the stipulation selecting a mediator, proposed two local mediators, and offered to contact them on the parties' behalf. (Ex. A.) Defendants followed up on October 5. Plaintiff did not respond until October 6, the day before the deadline, when he questioned both proposed mediators. (*Id.*) The parties ultimately selected Lisa A. Coppola, Esq. Defendants proposed a joint stipulation advising the Court that additional time was needed, but Plaintiff did not timely respond. Then, on October 13, Plaintiff advised that he "will hold the mediator stipulation until he has Defendants' answer" on his document demands. (Ex. B.) In other words, Plaintiff made the filing of a stipulation required by the Scheduling Order contingent on Defendants accepting his discovery position. (*See* ECF No. 14 ¶ 1(a).) On October 21, Plaintiff wrote: "Now that the date is set, I'll circulate the completed mediator stipulation for your signature so it can be filed this week." (Ex. C.) Defendants have received nothing further.

Plaintiff's letter now acknowledges that he "held the stipulation" and asks, in the alternative, that the initial mediation session be adjourned. (ECF No. 15 at 3.) Defendants will sign the stipulation as soon as Plaintiff circulates it, and they are ready to mediate on November 30 as scheduled.

Defendants remain willing to keep conferring with Plaintiff in good faith and do not believe Court intervention is warranted at this stage. Accordingly, Defendants respectfully request that the Court (1) deny Plaintiff's request for relief (ECF No. 15) as premature; (2) direct that mediation proceed on November 30, 2026, as scheduled, and that the parties promptly file the stipulation selecting a mediator; and (3) direct that any remaining discovery disputes be addressed through the formal discovery process.

We thank the Court for its attention to this matter.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: Aaron Warshaw
Aaron Warshaw
Yomaris Sanchez-Orona

Enclosures
cc: Geoffrey Kalender, Esq. (via ECF)