# EXHIBIT C

**From:** Geoffrey Kalender
**To:** Warshaw, Aaron
**Cc:** Sanchez-Orona, Yoma
**Subject:** Turnbull-Reilly v. HubSpot: Pre-mediation discovery
**Date:** Wednesday, October 21, 2026 11:04:05 AM

***[Caution: Email received from external source]***

Aaron,

When we spoke Friday afternoon you said you'd have a proposal on the preliminary exchange to me by Monday. It's Wednesday and I don't have one, so let me put Plaintiff's position in one place.

Yoma confirmed November 30 with Ms. Coppola on Monday, and Ms. Coppola circulated the mediation agreement yesterday. Under the Joint Discovery Plan, ECF No. 12 ¶9(a), the preliminary exchange is to be completed thirty days before the session. That is October 30, nine days out. Plaintiff served his first demands on October 7. Your October 16 email treats the exchange as part of HubSpot's response to those demands. It isn't. The responses are due November 6, a week after the exchange date, and they will come with objections and whatever HubSpot's reasonable search turns up. The exchange we agreed to is a defined set of documents on a defined date. One doesn't substitute for the other. Plaintiff asked that mediation follow production for a reason.

On the personnel file, I'm not asking whether HubSpot keeps a folder with Mr. Turnbull-Reilly's name on the tab. I'm asking for the documents concerning his employment, wherever they sit and whatever system holds them. That is what you and I agreed to on August 17: his personnel file and the documents related to his termination. Further, Massachusetts has defined "personnel record" by content for decades, M.G.L. c. 149 § 52C, and requires employers of twenty or more to maintain an enumerated record through three years past separation. HubSpot is a Massachusetts employer. New York has now adopted substantially the same definition in Labor Law § 210-b, effective November 8.

Which is all to say, the definition of Mr. Turnbull-Reilly's personnel record isn't in doubt. Can you please tell me whether HubSpot maintains personnel records under § 52C, and if so, who administers them and where they're kept? Does HubSpot maintain a separate policy for personnel records outside of Massachusetts? If so, please provide both.

So that we're working from the same list, these are the categories Plaintiff understands our agreement to cover:

1. Offer letters and any document setting or changing his rate of pay, bonus, commission, or equity.
2. His job description, and any revision to it during his employment.
3. All performance evaluations, together with calibration or ratings materials and the notes behind them.
4. Any performance improvement plan, including each extension, and any coaching document, written warning, or other disciplinary record.
5. Timekeeping, leave, and benefits enrollment records.

6. The HRIS record itself, produced as an export with file metadata intact per Rule 34(b)(1)(C), rather than a printout of a summary screen.
7. Any complaint, report, or investigation file naming him, including the investigator's notes.
8. Mr. Khanna's notes and communications concerning him, Slack and text messages included.
9. HR case-management or ticketing entries concerning him.
10. Separation documents, including the termination notice and any internal approval of the decision.

Plaintiff isn't seeking personally identifying information for non-parties, and anything you consider privileged can go on a log rather than into the production.

Now that the date is set, I'll circulate the completed mediator stipulation for your signature so it can be filed this week. I'll also be writing to Ms. Coppola later today, with you and Yoma copied, to ask what she expects to have been exchanged before the statements come in. Please get me your proposal by Friday, October 23. If I don't have it by then, Plaintiff will submit a letter under the Scheduling Order, ECF No. 14 ¶8, on Monday the 26th, asking the Court to direct the exchange we described to Judge Pedersen or to move the session until it has occurred.

Thanks,
Geoff

Geoffrey Kalender
Geoffrey Kalender, PC
New York, NY
(929) 489-0636
gk@employmentlawgk.com
employmentlawgk.com