Geoffrey Kalender, PC
Employment Law
*Representing Victims of Discrimination, Retaliation, and Wage Theft*

(929) 489-0636
gk@employmentlawgk.com
447 Broadway, 2nd Floor
New York, NY 10013

November 23, 2026

**VIA ECF**
Hon. Mark W. Pedersen
United States Magistrate Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

**Re: Turnbull-Reilly v. HubSpot, Inc. and Varun Khanna, No. 6:26-cv-06512-EAW-MJP - Request for Termination Documents Before Mediation and for Discovery Responses**

Dear Judge Pedersen:

Plaintiff writes under paragraph 8 of the Amended Scheduling Order to raise two matters. First, Plaintiff asks that the Court direct Defendants to produce the documents on which they relied for the termination of Mr. Turnbull-Reilly's employment and to stay the initial mediation session until such production is made. Second, Plaintiff asks that the Court set a date for Defendants' overdue written responses to his October 7 discovery requests.

History to Date

Defendants answered the Amended Complaint on August 3. The Answer states that Mr. Turnbull-Reilly was terminated "for failure to improve his performance despite being given multiple extensions and opportunities" and that "the termination decision was supported by documented feedback from multiple sources" (ECF No. 7 ¶ 56). It refers the Court to "the written PIP documentation for its complete and accurate contents" (id. ¶ 34). Those are the documents Plaintiff seeks.

At the Rule 26(f) conference on August 17, the parties agreed to exchange documents before mediation "so that both sides could engage meaningfully at mediation" (ECF No. 17 at 1). The Joint Proposed Discovery Plan provides that this discovery is to be completed thirty days before the session (ECF No. 12 ¶ 9(a)). Plaintiff produced his mitigation records on September 25.

On October 13, Plaintiff identified in writing the documents Defendants had not produced: the performance improvement plan and its extensions, the termination documents, the record of the termination decision, and the feedback Mr. Khanna collected to evaluate the plan (ECF No. 17-2). On October 27, Plaintiff asked the Court to order the exchange (ECF No. 15). Defendants responded on October 29 that the request was premature. They wrote that their responses to Plaintiff's October 7 document requests were due November 6, that those requests "seek the same personnel-file and performance information," and that if the remaining production arrived with the responses Plaintiff would have it "more than three weeks before the session" (ECF No. 17 at 2).

The Court set a conference on Plaintiff's letter for November 2 (ECF No. 16). At the conference, Plaintiff repeated his request that he not be required to mediate without the promised documents. The Court denied the request without prejudice (ECF No. 18) and extended the deadline for the initial mediation session to January 7, 2027 to allow for the production of documents (ECF No. 20 ¶ 1(c)).

Defendants did not serve responses or documents on November 6. Plaintiff's counsel wrote on November 9 and November 12 to ask when to expect them. On November 12, six days after the due date, Defendants' counsel requested an extension to November 20 and wrote that "any additional responsive discovery will be contained in ESI that we'll need to discuss in terms of a review protocol." Plaintiff's counsel answered that an extension was fine but that he wanted to put something before the Court about it.

On November 16, Plaintiff set out the terms in writing: written responses and all documents not dependent on an ESI search by November 20, a statement for each request whether the search was complete, a draft ESI protocol from Defendants, production complete by December 4, and a joint letter to the Court with those dates. The email stated that the extension covered the document requests and interrogatories and not the requests for admission. Defendants did not accept those terms.

On November 19, Defendants' counsel wrote that Defendants "may need more time past tomorrow," that he would advise "once I have a better read on timing," that "HubSpot's search isn't finished," and that "much of what you've asked for will have to come out of ESI." He asked Plaintiff to propose custodians, a date range, and search terms for an ESI protocol.

November 20 has passed. Whether or not the extension took effect, Defendants' responses to Plaintiff's document requests and interrogatories, which were overdue when the extension was requested, are overdue again. Defendants have not served them, have not

produced documents since October 21, and have not provided a date for either. Plaintiff's requests for admission, served October 7, remain unanswered.

On November 23, Plaintiff sent Defendants proposed custodians, a date range, and search terms, and asked whether Defendants contend that any of the termination documents can be located only through an ESI search. The Joint Proposed Discovery Plan contemplates an ESI protocol, if one is needed, "within thirty days of the mediation session" (ECF No. 12 ¶ 5).

<u>The State of Defendants' Production</u>

Defendants have produced fifty-eight pages. The production does not include the performance improvement plan, any of its three extensions, a termination notice, or a record of the decision to terminate Mr. Turnbull-Reilly's employment.

1. <u>The Termination Documents</u>

The first matter is the termination documents. Defendants described these documents in their Answer on August 3 without an ESI protocol. The mediation is set for January 5, 2027, and thirty days before that date is December 6, a Sunday. A production that waits on an ESI protocol will not arrive before the session. Without the documents, Plaintiff cannot evaluate the reasons Defendants have given for the termination, and the mediation becomes a matter of guessing at numbers. These are the same documents Defendants had agreed to produce prior in informal discovery.

Plaintiff asks that the Court direct Defendants to produce the following by December 4, 2026:

1. The performance improvement plan issued to Mr. Turnbull-Reilly and each extension of it.
2. The documented feedback on which the plan, its extensions, and the termination were based.
3. The documents recording the decision to terminate his employment, including who made the decision, when, and for what reasons.
4. The termination notice and the separation documents provided to him or prepared for him.

If no document exists in one of these categories, Plaintiff asks that Defendants be directed to say so in writing by the same date.

Plaintiff further asks that the initial mediation session be held no earlier than fifteen days after Defendants complete that production, and that the January 7 deadline in paragraph 1(c) be extended to the extent necessary. Plaintiff asks that the Court treat this letter as a letter motion under paragraph 9 for that purpose.

2. Overdue Discovery Responses

The second matter is the discovery Plaintiff served on October 7. Plaintiff asks that the Court direct Defendants to serve their written responses to his document requests and interrogatories by November 30, 2026, and to state in each response to a document request whether their search is complete.

Counsel conferred by email between November 9 and November 19 and were unable to resolve either matter. Plaintiff's counsel telephoned Defendants' counsel on November 12, November 13, and November 23 and did not reach him. The accompanying Declaration of Geoffrey Kalender sets out the conferral history and attaches the correspondence. Counsel is available at the Court's convenience.

Respectfully submitted,

Geoff Kalender

Geoffrey Kalender

cc: Aaron Warshaw, Esq., and Yomaris Sanchez-Orona, Esq. (via ECF)