**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONATHAN TURNBULL-REILLY,<br><br>Plaintiff,<br><br>v.<br><br>HUBSPOT, INC. and VARUN KHANNA,<br><br>Defendants. | Case No. 6:26-cv-06512-EAW-MJP<br><br>**DECLARATION OF GEOFFREY KALENDER** |

**DECLARATION OF GEOFFREY KALENDER**

Geoffrey Kalender declares under 28 U.S.C. § 1746:

1. I am counsel for Plaintiff Jonathan Turnbull-Reilly. I make this declaration in support of Plaintiff's November 23, 2026 letter under paragraph 8 of the Amended Scheduling Order (ECF No. 20) and to describe the attempts made to resolve the dispute it raises. I have personal knowledge of the facts below.

2. On August 13, 2026, Mr. Warshaw wrote to me that HubSpot was "generally open to early mediation but it'll depend on whether your client has flexibility from his last demand." I answered the same day that Mr. Turnbull-Reilly "is flexible on his demand, but we would want some limited discovery, items like his personnel folder."

3. On August 17, 2026, I participated in the Rule 26(f) conference with Mr. Warshaw and Ms. Sanchez-Orona. We agreed to exchange documents before mediation. Plaintiff would produce his mitigation records. Defendants would produce Mr. Turnbull-Reilly's personnel file and the documents relating to his termination.

4. The Joint Proposed Discovery Plan filed September 2, 2026 states that the preliminary discovery necessary for mediation is to be completed thirty days in advance of any mediation (ECF No. 12 ¶ 9(a)).

5. At the Rule 16 conference on September 9, 2026, counsel informed the Court that the parties had agreed to a preliminary exchange of documents before mediation. The Court asked whether the parties wanted the exchange ordered. I answered that there was no need because the parties had agreed.

6. On September 23, 2026, Defendants served their initial disclosures with thirty-five pages of documents. On September 25, 2026, I served Plaintiff's mitigation records on Defendants' counsel by email.

7. On September 30, 2026, I wrote to Ms. Sanchez-Orona that the parties had agreed to the exchange, that Defendants were to produce the complete personnel file among other documents, and that Plaintiff had produced his mitigation records (ECF No. 17-1). On October 13, 2026, I sent Defendants' counsel a letter identifying the documents not produced: the performance improvement plan and its extensions, the termination documents, the record of the termination decision, and the feedback Mr. Khanna collected to evaluate the plan (ECF No. 17-2).

8. On October 16, 2026, I spoke with Mr. Warshaw by telephone. He told me that HubSpot was having trouble locating all of the documents and would produce them as they were found. He said he would send a proposal on the preliminary exchange by October 19. I did not receive one.

9. On October 21, 2026, I wrote to Mr. Warshaw again about the exchange (ECF No. 17-3). The same day Defendants produced a further twenty-three pages, and Mr. Warshaw wrote that HubSpot "will produce any relevant documents in accordance with our discovery obligations and on a rolling basis." He gave no date.

10. On October 27, 2026, Plaintiff asked the Court to order the exchange (ECF No. 15). In their October 29 response, Defendants stated that they "do not dispute that, at the August 17, 2026 Fed. R. Civ. P. 26(f) conference, the parties agreed to exchange limited, informal discovery so that both sides could engage meaningfully at mediation" (ECF No. 17 at 1).

11. At the November 2, 2026 conference, I repeated Plaintiff's request that he not be required to mediate without the promised documents. The Court denied the request without prejudice and extended the deadline for the initial mediation session to January 7, 2027.

12. Defendants have produced fifty-eight pages in total. The production does not include the performance improvement plan, any extension of it, a termination notice, or a record of the decision to terminate Mr. Turnbull-Reilly's employment.

13. On October 7, 2026, I served Plaintiff's First Requests for Production, First Interrogatories to each Defendant, and First Requests for Admission by email on Defendants' counsel, Aaron Warshaw and Yomaris Sanchez-Orona. Responses were due November 6, 2026.

14. Defendants did not serve responses or produce documents on November 6.

15. On November 9, 2026, I emailed Mr. Warshaw and Ms. Sanchez-Orona, noted that the responses had been due the previous Friday, and asked when to expect them. I received no reply.

16. On November 12, 2026, at 12:21 PM, I emailed both counsel again, requested to meet and confer, and asked them to propose times. Mr. Warshaw replied at 12:23 PM. He asked for an extension "until next Friday" and wrote that "any additional responsive discovery will be contained in ESI that we'll need to discuss in terms of a review protocol." I answered at 12:31 PM that an extension was fine, that I wanted to put something before the Court about it, and I proposed a call the next day at 11:00 AM.

17. On November 12, 2026, at 5:26 PM, I telephoned Mr. Warshaw's direct line and did not reach him. This was the date of the Microsoft Outlook outage and the missed communication was understood.

18. On November 13, 2026, at 8:03 AM, Mr. Warshaw confirmed the 11:00 AM call. I telephoned his direct line at 11:02 AM and did not reach him. I emailed him at 11:04 AM. At 11:10 AM he wrote that his firm's systems were down and asked to speak on Monday morning, November 16. At 12:02 PM I replied that Monday was fine and that I wanted to keep the Court informed of the deadlines. Mr. Warshaw did not call on November 16. He and I have not spoken by telephone since Defendants' responses came due.

19. On November 16, 2026, at 3:37 PM, I sent Mr. Warshaw and Ms. Sanchez-Orona a written proposal in place of the call. It proposed that Defendants serve written responses and all documents not dependent on an ESI search by November 20; that each

response state whether the search was complete; that Defendants send a draft ESI protocol; that ESI production be complete by December 4; and that Defendants draft a joint letter to the Court with those dates. I asked Mr. Warshaw to send the draft letter if the proposal worked and to tell me what he would change if it did not.

20. On November 18, 2026, at 11:11 AM, I emailed both counsel again to ask for a response.

21. On November 19, 2026, at 1:01 PM, Mr. Warshaw replied. He wrote that Defendants "may need more time past tomorrow," that he would let me know "once I have a better read on timing," that "HubSpot's search isn't finished," and that "much of what you've asked for will have to come out of ESI." He asked that Plaintiff propose custodians, a date range, and search terms. He did not accept the November 16 proposal or provide a date for the responses or the production. He wrote: "I also don't see a reason to involve the Court. We don't have a dispute, and there's no court deadline that needs updating."

22. On November 23, 2026, at 4:12 PM, I emailed Mr. Warshaw and Ms. Sanchez-Orona proposed custodians, sources, a date range, and search terms. In the same email I asked whether Defendants contend that the performance improvement plan, its extensions, the termination documents, or the documents referred to in paragraphs 34 and 56 of the Answer can be located only through an ESI search and, if so, which ones and in which system.

23. On November 23, 2026, at approximately 4:05 PM, I telephoned Mr. Warshaw and did not reach him.

24. As of the signing of this declaration, Defendants have not served responses to Plaintiff's October 7 requests, have not produced documents since October 21, 2026, and have not provided a date for either.

25. True copies of the emails described in paragraphs 15, 16, and 18 through 21, other than my 12:02 PM email of November 13, are attached as Exhibit 1. A true copy of my November 23 email is attached as Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 23, 2026
New York, New York

Geoff Kalah

Geoffrey Kalender